In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Richard A. HEILPRIN, Attorney at Law.

Supreme Court

*No. 84–2167–D. Filed May 9, 1985.*
(Also reported in 367 N.W.2d 217.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Richard A. Heilprin to practice law in Wisconsin be suspended for 60 days for unprofessional conduct consisting of contacting directly an adverse party who was represented by counsel, taking an action on behalf of a client merely to harass an adverse party's counsel, and engaging in conduct involving misrepresentation. We accept that recommendation as appropriate discipline in this case. It is also appropriate that Attorney Heilprin be required to pay the costs of this disciplinary proceeding.

Attorney Heilprin was admitted to practice law in Wisconsin in 1959 and practices in Madison. He was the subject of a prior disciplinary proceeding, *State v. Heilprin,* 59 Wis. 2d 312, 207 N.W.2d 878 (1973), as a result of which his license was suspended.

The referee, the Honorable W. L. Jackman, reserve judge, made findings of fact based on a stipulation of

the parties. Following settlement of a worker's compensation dispute, Attorney Heilprin contacted the compensation insurer's attorney to arrange a closing of the settlement. Attorney Heilprin wanted to have the closing on January 3, 1983, the first business day of that calendar year, but a delay in the preparation of the necessary documents prevented that. Further, the insurer's attorney had made prior arrangements to be out of the country on vacation during the first week of 1983.

Attorney Heilprin contacted the insurer directly, without the knowledge or consent of its attorney and in violation of SCR 20.38(1),[1] in order to demand issuance of the settlement check. The insurer refused to agree to a closing without the presence of its attorney.

Subsequently, Attorney Heilprin issued a subpoena ordering the insurer's attorney to appear at a Department of Industry, Labor and Human Relations hearing in the matter on January 3, 1983, knowing that no such hearing had been scheduled and also knowing that the insurer's attorney planned to be out of the country on that date. Attorney Heilprin took that action without any legal authority and for the purpose of harassing the insurer's attorney, in violation of SCR 20.36(1)(a).[2] By doing so, Attorney Heilprin engaged in conduct in-

---

[1] SCR 20.38 provides: "During the course of representing a client a lawyer may not:

"(1) Communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by a lawyer in that matter unless the lawyer has the prior consent of the lawyer representing the other party or is authorized by law to do so."

[2] SCR 20.36(1) provides: "In his or her representation of a client, a lawyer may not:

"(a) File a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another."

volving misrepresentation, in violation of SCR 20.04
(4).[3] The insurer's attorney ignored the subpoena and
left the country on vacation as planned.

In making his recommendation for discipline, the referee noted that no real harm, other than inconvenience,
resulted from Attorney Heilprin's misconduct because
neither the insurer nor its attorney took Attorney Heilprin's conduct seriously at the time or were induced to
act in response to it.

We accept the referee's findings and conclusions, and
we agree that a 60-day suspension of Attorney Heilprin's
license to practice law is appropriate discipline under
the circumstances.

IT IS ORDERED that the license of Attorney Richard A.
Heilprin to practice law in Wisconsin is suspended for
a period of 60 days, commencing June 15, 1985.

IT IS FURTHER ORDERED that Attorney Richard A. Heilprin comply with the provisions of SCR 22.26 concerning
the requirements of a person whose license to practice
law in Wisconsin has been suspended.

IT IS FURTHER ORDERED that within 60 days of the date
of this order Attorney Richard A. Heilprin pay to the
Board of Attorneys Professional Responsibility the costs
of this disciplinary proceeding in the amount of $5,380.07,
provided that if the costs are not paid within the time
specified and absent a showing by Attorney Heilprin
of his inability to pay those costs within that time, the
license of Attorney Richard A. Heilprin to practice law
in Wisconsin shall be suspended until further order of
the court.

ABRAHAMSON, J., did not participate.

---

[3] SCR 20.04 provides: "A lawyer shall not:

. . .

"(4) Engage in conduct involving dishonesty, fraud, deceit
or misrepresentation."