IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Richard A. HEILPRIN, Attorney at Law.

Supreme Court

*No. 90-0503-D. Submitted on briefs February 26,
1992.—Decided May 5, 1992.*

(Also reported in 482 N.W.2d 908.)

For the appellant there were briefs by *Michael Riley* and *Atterbury, Riley, Luebke & Pretto, S.C.,* Madison.

For the respondent there was a brief by *Kitty K. Brennan* and *Murphy & Brennan,* South Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

This is an appeal from the report of the referee recommending that the license of Attorney Richard A. Heilprin to practice law in Wisconsin be suspended for 18 months as discipline for professional misconduct. That misconduct consisted of his having directed sexually explicit and suggestive comments and questions to two women clients during office conferences. Attorney Heilprin specifically appealed from the referee's conclusion that by doing so he violated that portion of the Attorney's Oath, set forth in SCR 40.15, by which an attorney swears to "abstain from all offensive personality." Attorney Heilprin also appealed from the referee's assessment of the credibility of the two clients who testified at the disciplinary hearing concerning his conduct, as well as his own credibility in the disciplinary proceeding.

We adopt the referee's findings of fact concerning Attorney Heilprin's conduct but, contrary to the referee's conclusion of law that such conduct violated the Attorney's Oath, we conclude that it violated that very standard of attorney professional conduct we enunciated in 1973 in a case involving this same attorney, *Disciplinary Proceedings Against Heilprin,* 59 Wis. 2d 312, 207 N.W.2d 878. There, the court suspended Attorney Heilprin's license for an indefinite period until he could establish recovery from a personality disorder that arguably resulted in his having talked obscenely, made indecent gestures, indecently exposed himself and made indecent sexual proposals to two women clients.

2

This is not to say that Attorney Heilprin's conduct in this proceeding did not constitute "offensive personality" proscribed by the Attorney's Oath,* but it renders it unnecessary that we address Attorney Heilprin's arguments that the "offensive personality" language of the Attorney's Oath is unconstitutionally vague or overbroad when applied to an attorney's professional conduct.

By repeating the type of professional misconduct for which his license had previously been suspended and because of the nature of that misconduct, Attorney Heilprin has established his unfitness to continue to be licensed by this court to represent others in the legal system. He has again demonstrated his willingness, if not propensity, to place his personal, prurient interests above the interests of those seeking his counsel in legal matters, which he did on not one but two occasions. Certainly, the public should not be subjected to such offensive behavior conducted under the authority of a license to practice law.

Accordingly, we do not accept the referee's recommendation of discipline to be imposed for Attorney Heilprin's misconduct. We revoke his license to practice law in this state.

Attorney Heilprin was licensed to practice law in Wisconsin in 1959 and practiced in Madison but has left the state and now resides in Seattle, Washington. He has previously been disciplined three times for professional misconduct. As previously noted, in 1973, the court suspended his license to practice law as discipline for the conduct mentioned and for rude, discourteous, offensive

---

*SCR 20:8.4 and its predecessor establish a violation of the Attorney's Oath as professional misconduct. In addition, under those rules, it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers." SCR 20:8.4(f).

3

and abusive conduct toward clerk of court personnel, an adverse party and others. In 1981, Attorney Heilprin consented to a private reprimand from the Board of Attorneys Professional Responsibility (Board) for "offensive personality" and repeatedly asking a woman divorce client explicit questions about her sexual behavior. In 1984, the court suspended his license for 60 days as discipline for having contacted directly an adverse party represented by counsel, taking an action on behalf of a client merely to harass an adverse party's counsel and engaging in conduct involving misrepresentation to harass that counsel. *Disciplinary Proceedings Against Heilprin*, 123 Wis. 2d 394, 367 N.W.2d 217 (1985).

The referee in this proceeding, the Honorable Timothy Vocke, reserve judge, made the following findings of fact. On June 17, 1987, Attorney Heilprin met with a woman in his office concerning an automobile accident that had occurred and as a result of which she had suffered personal injuries. Much of the initial interview was recorded by a reporter and, after the reporter had left, Attorney Heilprin asked the woman questions of a more personal nature, including whether she adopted certain positions when engaging in sexual intercourse and whether she engaged in a certain type of sexual activity. At a subsequent meeting, Attorney Heilprin asked the client similar questions and made suggestive comments concerning her sexual practices and activity.

At a third meeting, which the client attended in the company of her young daughter, Attorney Heilprin answered a telephone call and began making sexual comments over the telephone in the presence of his client and her daughter, whereupon the two of them left the office until he finished the call. The client then terminated the attorney-client relationship by telephone, fol-

4

lowed by a letter in which she stated, in part, "I have been very uncomfortable in your presence because of your sexual behavior . . .."

The referee specifically found that Attorney Heilprin's statements and questions of a sexual nature directed to the client were not relevant to any loss of consortium claim the client may have had as a result of the personal injuries she incurred in the auto accident. Rather, the referee found, they "simply exhibited an excessive prurient interest on his part."

In a second matter, a woman met with Attorney Heilprin in March, 1988 concerning an accident in which she had suffered personal injury. During two conferences, Attorney Heilprin asked her sexually explicit questions concerning her physical attributes and her sexual practices. Again, the referee found that none of Attorney Heilprin's questions and comments constituted a legitimate inquiry into a potential loss of consortium claim as a result of the client's personal injury but simply demonstrated his prurient interest in her private life. Following the second meeting with Attorney Heilprin, the client obtained other counsel to represent her.

With respect to a third allegation of professional misconduct in the Board's complaint, the referee found that there was no clear and convincing evidence that Attorney Heilprin had engaged in a conflict of interest when a settlement on behalf of a client became involved with a potential that opposing counsel would file a grievance with the Board. The referee concluded that Attorney Heilprin's conduct in the matter did not violate any of the ethical proscriptions.

In his appeal, in addition to asserting the unconstitutionality of the "offensive personality" language of the Attorney's Oath, Attorney Heilprin argued that the referee erroneously weighed the credibility of the two women

5

clients concerning his sexually oriented questions and comments against the credibility of his own testimony contradicting theirs. We reject that argument. The referee exhaustively discussed his assessment of the credibility of the women's testimony and the credibility of Attorney Heilprin's. The referee also considered Attorney Heilprin's comportment during the lengthy disciplinary proceeding, including what the referee termed numerous "absolutely meritless motions," deliberate disobedience of various orders of the referee, verbal threats of legal action against various participants and failure to cooperate in the timing of hearings and discovery.

We also reject as without merit Attorney Heilprin's argument that, because the Board did not present testimony corroborating the statement of the two former clients, it failed to establish by clear and convincing evidence that he engaged in conduct warranting discipline. Likewise without merit is his contention that the referee's refusal to permit him to present witnesses to testify concerning the credibility of the women and limitation of their cross-examination on matters relating to credibility deprived him of the opportunity to provide evidence needed to resolve the credibility issue.

We adopt the referee's findings of fact and conclude that Attorney Heilprin's conduct violated the standard of attorney professional conduct enunciated in *Disciplinary Proceedings Against Heilprin,* 59 Wis. 2d 312, 207 N.W.2d 878 (1973). For the reasons set forth above, we do not accept the referee's recommendation of an 18-month license suspension as discipline for Attorney Heilprin's misconduct. We revoke his license.

The court afforded Attorney Heilprin the opportunity to show cause why his license to practice law in Wisconsin should not be revoked as discipline for his professional misconduct. Nothing in his response has

persuaded the court that discipline less than revocation is warranted. In that response, Attorney Heilprin continued to contend that the "offensive personality" language of the Attorney's Oath is unconstitutionally vague and that the referee based his findings of misconduct on the testimony of two persons whose credibility the referee had difficulty in assessing.

IT IS ORDERED that the license of Richard A. Heilprin to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Richard A. Heilprin pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Richard A. Heilprin comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

ABRAHAMSON, J., took no part.