DISCIPLINARY PROCEEDINGS
JiPER CURIAM*
This matter arises from a complaint that was filed with the Office of Disciplinary Counsel (“ODC”). The complaint alleged that respondent, Gavin J. Plaisance, placed a motion-sensored video camera under a ceiling tile inside the ladies restroom at the law firm where he was employed, which was later discovered by a secretary at the firm. When viewed, the videotape in the camera was found to contain excerpts of female employees using the restroom, and also showed respondent, who inadvertently caught himself on video while placing the camera in the bathroom.
The ODC instituted an investigation into the complaint. While the respondent maintained he was unable to recall the specific events surrounding his misconduct due to personal and financial stresses, he admitted to the basic allegations of the complaint. He was unable to account for his behavior, and expressed regret for the pain and embarrassment resulting from his conduct.
On August 21, 1997, prior to the filing of formal charges, respondent filed a petition for consent discipline, seeking disbarment. The ODC concurred in the consent disbarment and filed a memorandum with the disciplinary board alleging respondent’s actions constituted a violation of Rule 8.4(b) of the Rules of Professional Conduct pertaining to conduct adversely reflecting on a lawyer’s honesty, trustworthiness and fitness.
On February 6, 1998, the disciplinary board filed its recommendation with this court, unanimously proposing adoption of the consent discipline in the form of disbarment. Further, the disciplinary board recommended respondent undergo psychological counseling as a condition for readmission, as well as assessment of costs.
|2Upon review of the findings and recommendations of the disciplinary board, the petition for consent discipline and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.[1]
Accordingly, it is ordered that the name of Gavin J. Plaisance be stricken from the roll *970 of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs of these proceedings are assessed to respondent.

 Traylor, J., not on panel. Rule IV, Part 2, § 3.

. As stated, the disciplinary board also recommended that respondent undergo psychological counseling as a condition for readmission. We take the view that it is inappropriate to impose conditions for readmission at this time. The condition referred to by the board, along with other relevant factors, may he considered if and when respondent applies for readmission.