753 So.2d 820 (2000)
In re Francis A. TOUCHET.
No. 99-B-3125.
Supreme Court of Louisiana.
February 4, 2000.

*821 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This matter arises from six counts of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Francis A. Touchet, an attorney licensed to practice law in Louisiana but who is currently on interim suspension.[1]

UNDERLYING FACTS
This matter arises from six different instances of improper conduct by respondent toward female clients. The facts may be summarized as follows:

Count I
In August 1996, G.L.[2] consulted respondent concerning her divorce from an abusive spouse. At the time of the initial consultation, respondent attempted to solicit sexual favors from G.L. in lieu of legal fees, and he made improper, sexually suggestive remarks to her.

Count II
L.B. consulted respondent in January 1995 concerning two paternity matters. At the time of the initial consultation, respondent implied to L.B. that he would waive his legal fees in return for sexual favors. Sometime between February and April 1996, respondent called L.B. into his office after hours with a phony emergency call. At that time, respondent pressured L.B. for payment of his fees by refusing to move forward with her case.

Count III
In October 1996, D.H. consulted respondent concerning a divorce matter. Respondent implied to D.H. that he would waive his legal fees in return for sexual favors, and he made improper, sexually suggestive remarks to her.

Count IV
M.F. consulted respondent in September, 1997 concerning her divorce and child custody matter. Respondent pressured M.F. into entering into an improper sexual relationship with him. Respondent improperly solicited sexual favors from his client in lieu of legal fees. Respondent made improper, sexually suggestive remarks to M.F., made inappropriate gestures around her, and touched her without her consent.

Count V
In October 1997, S.B. consulted respondent concerning her divorce, child support, and child custody matter. In a series of meetings, respondent improperly solicited sexual favors from S.B. in lieu of legal fees, and he made improper, sexually suggestive remarks to her. At one meeting, respondent touched S.B. without her consent.

Count VI
M.B. consulted respondent in the summer of 1993 concerning a business matter. In a series of meetings, respondent improperly solicited sexual favors from M.B., made improper, sexually suggestive remarks to her, and tried to kiss her without her consent. At one meeting, respondent touched M.B. without her consent. At one of his final meetings with M.B., respondent exposed his genitals to her.

DISCIPLINARY PROCEEDINGS

Formal Charges
After its investigation, the ODC instituted formal charges, consisting of six counts, *822 against respondent. The ODC alleged respondent's conduct violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.7 (conflict of interest), 1.8 (prohibited transactions between a lawyer and client), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent initially denied the factual allegations of the formal charges. He later withdrew his general denial and admitted to the charged misconduct.

Hearing Committee Recommendation
No witnesses were called during the formal hearing, but the ODC introduced numerous exhibits, including the deposition testimony of each of the complainants. As mitigating evidence, respondent submitted his medical records, character letters, and a letter he wrote to the disciplinary board indicating his remorse.
At the conclusion of the hearing, the hearing committee issued its report. Looking to this court's opinions in In re: Ashy, 98-0662 (La.12/1/98), 721 So.2d 859, and In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839, it found the baseline sanction for respondent's conduct is disbarment. It noted four aggravating factors, including dishonest and selfish motive, pattern of misconduct with multiple offenses, vulnerability of the victims,[3] and substantial experience in the practice of law (admitted 1987). The committee found no mitigating factors.[4] Accordingly, given the multiple counts of misconduct and the "egregious facts of this matter," the committee recommended that respondent be disbarred.
Respondent objected to the sanction recommended by the committee, on the ground that disbarment is too harsh.

Disciplinary Board Recommendation
The board found respondent has violated duties owed to his clients, the public, the legal system, and the profession, and has engaged in knowing and intentional misconduct. The board also noted that the actual injury caused by respondent's conduct was great. The board concurred in the aggravating factors noted by the committee, and accepted as mitigating factors the absence of a prior disciplinary record and remorse. However, the board refused to accept respondent's argument that his depression should serve as a mitigating factor, agreeing with the committee that respondent's medical records do not indicate that he was ever treated for any disorder that would serve to mitigate the conduct at issue.
The disciplinary board observed that the instant case, involving six counts of misconduct, was "multiple times worse" than Ashy, which only involved one count of misconduct. Accordingly, the board recommended that respondent be disbarred *823 from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court's judgment until paid.
Neither respondent nor the ODC objected to the board's recommendation.

DISCUSSION
In Ashy, we addressed for the first time in Louisiana jurisprudence whether sexual advances by an attorney toward a client could constitute a violation of the Rules of Professional Conduct. We cited American Bar Association Formal Ethics Opinion No. 92-364, which recognized such conduct could violate the professional rules:
A sexual relationship between lawyer and client may involve unfair exploitation of the lawyer's fiduciary position, and/or significantly impair a lawyer's ability to represent the client competently, and therefore may violate both the Model Rules of Professional Conduct and the Model Code of Professional Responsibility.
We concluded such conduct could represent a violation of several professional rules, including Rule 1.7(b) (conflict of interest) and Rule 2.1 (duty to exercise independent judgment) of the Rules of Professional Conduct.
The concerns we expressed in Ashy are clearly illustrated in the instant matter. By attempting to sexually exploit his clients, respondent unquestionably violated his professional duty to protect their interests. Respondent's conduct is made even more reprehensible by the fact that many of his clients consulted him in connection with emotionally-charged domestic matters, and respondent attempted to use their vulnerability to further his sexual interests.
In Ashy, we imposed a two-year suspension on an attorney for one count of sexual misconduct in connection with a single client. By contrast, the instant matter involves six separate counts of misconduct involving six different clients. As the disciplinary board observed, this fact alone justifies the imposition of a harsher sanction than imposed in Ashy. Additionally, other states have disbarred attorneys for similar conduct. See Matter of Berg, 264 Kan. 254, 955 P.2d 1240 (1998) (attorney disbarred for engaging in inappropriate sexual behavior with numerous clients who were very vulnerable and for committing a sexual battery on one client); see also Matter of Disciplinary Proceedings Against Heilprin, 168 Wis.2d 1, 482 N.W.2d 908 (1992), cert. denied, 506 U.S. 972, 113 S.Ct. 461, 121 L.Ed.2d 369 (1992) (attorney who had previously been suspended indefinitely when he talked obscenely to clients, exposed himself, and touched female clients on chest and in pelvic area, State v. Heilprin, 59 Wis.2d 312, 207 N.W.2d 878 (1973), was subsequently disbarred when he directed sexually explicit and suggestive comments and questions to two female clients during office conferences).
Based on our review of the record, we find disbarment is the appropriate sanction for respondent's conduct. Accordingly, we will accept the disciplinary board's recommendation and disbar respondent from the practice of law in Louisiana, retroactive to the date of his interim suspension.

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Francis A. Touchet be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the *824 date of finality of this court's judgment until paid.
NOTES
[*] Calogero, C.J., not on panel. Rule IV, Part II, § 3.
[1] Respondent and the ODC filed a joint motion for interim suspension. That motion was granted by this court on December 18, 1998, effective January 1, 1999. In re: Touchet, 98-2879 (La.12/18/98), 737 So.2d 1.
[2] Because of the sensitive nature of the allegations in this case, we have used the clients' initials rather than their full names.
[3] With regard to this factor, the committee stated:

The testimony of these women ... is compelling in their descriptions of their belief that they had no other choice than to submit to his request for sexual favors in return for his work on their case. It is this Committee's belief that respondent was clearly aware of the plight of these women and took advantage of it to satisfy himself.
[4] Respondent cited several mitigating factors in his pre-hearing memorandum, including no prior discipline; reputation in the community; mental, emotional and personal health problems; and remorse. However, the committee apparently rejected all of these considerations, noting that, for example, respondent's medical records nowhere indicate that he had "any disorder that in any way mitigates his actions." The committee also gave no weight to the letters respondent submitted from other lawyers attesting to his capabilities and professionalism, pointing out that apparently "none were aware of the activities involved in the complaints herein."