LPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Albert L. Boudreau, Jr., an attorney licensed to practice law in Louisiana but who is currently on interim suspension.
UNDERLYING FACTS
On October 14, 1998, a federal grand jury sitting in the Western District of Louisiana returned an indictment charging respondent with thirteen counts of various violations of the child pornography laws. The indictment alleged that respondent smuggled into the United States several magazines and one videotape containing child pornography in violation of 18 U.S.C. § 545 (Count I); received child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(2)(A) (Counts II-XI); possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count XII); and conspired to sexually exploit children in violation of 18 U.S.C. § 2251(a) and (d) (Count XIII). On February 9, 1999, respondent pleaded guilty to smuggling and possessing magazines containing child pornography (Counts I and XII), both felonies under federal law. In exchange for respondent’s guilty plea, the government dismissed the remaining counts of the indictment.
*77 UThe factual basis of the plea indicates that while respondent was traveling in Europe in late 1996, he purchased several magazines containing child pornography. These magazines depict “boys under the age of eighteen, but over the age of 12 and pubescent, engaged in sexually explicit conduct.” Respondent admitted to smuggling three such magazines (“Boys in Ihrer Freizeit,” “Megaboys 5,” and “Best of Wonderboy”) into the United States, knowing that it is illegal to bring them into the country. The magazines were discovered in respondent’s home in December 1997, during the execution of a search warrant by the U.S. Customs Service.
The district court subsequently fined respondent $1,000 and sentenced him to serve twenty-one months in prison,[1] followed by three years of supervised release subject to special conditions.
DISCIPLINARY PROCEEDINGS

Formal Charges

On May 28, 1999, this court placed respondent on interim suspension based upon his conviction of a serious crime and ordered that disciplinary proceedings be instituted. In re: Boudreau, 99-0689 (La.5/28/99), 787 So.2d 28. On June 15, 1999, the ODC filed one count of formal charges against respondent arising out of his conviction. The disciplinary proceedings were then stayed pending the finality of the criminal proceedings.
1 ¡¡After respondent’s sentencing in February 2000, but while his appeal was still pending, the ODC moved to have the formal charges set for a hearing. Because respondent was by this time incarcerated in a federal prison in Texas, he was granted until April 24, 2000 to file an answer to the formal charges. However, no answer was filed on respondent’s behalf. Accordingly, pursuant to Supreme Court Rule XIX, § 11(E)(3), the formal charges were deemed admitted and proven by clear and convincing evidence. No formal hearing was held, but the parties were given an opportunity to file written arguments and documentary evidence with the hearing committee on the issue of sanctions.
In its submission, the ODC argued that respondent has been convicted of a serious crime warranting discipline under Rule 8.4(b) of the Rules of Professional Conduct (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer). Pointing to recent jurisprudence from this court in matters involving sexual misconduct by attorneys, the ODC contended the baseline sanction for respondent’s misconduct is disbarment. The ODC suggested several aggravating factors are present, including pattern of misconduct, multiple offenses, vulnerability of the victims, and substantial experience in the practice of law (admitted 1965). The only mitigating factor identified by the ODC is the absence of a prior disciplinary record. Finding there is no reason to deviate downward from the baseline sanction, the ODC recommended re *78 spondent be disbarred from the practice of law.
In respondent’s submission, he admitted his conviction but argued that numerous mitigating factors warrant a sanction less harsh than disbarment. In particular, respondent mentioned his cooperation in the federal criminal proceedings and the fact that he has been retired from the practice of law since 1995, before the acts forming the basis of the criminal charges. Respondent also pointed out that the |4magazines he possessed are legal in Europe, where they were purchased, and that the subjects of the photographs in the magazines were of legal age to be photographed nude in the Netherlands, where the magazines were produced. However, contrary to respondent’s admission in the federal district court that the magazines depict “boys under the age of eighteen, but over the age of 12 and pubescent, engaged in sexually explicit conduct,” he argued to the hearing committee that the magazines do not show “any sex acts of any kind by any of the subjects. They were simply nude photographs.” Respondent further argued that he “has suffered enough for offenses which are highly questionable under the Constitution of the United States and the freedoms it guarantees to all citizens.” Based on this reasoning, respondent urged the committee to consider an indefinite suspension from the practice of law.

Hearing Committee Recommendation

After considering the submissions of the parties, the hearing committee agreed that respondent violated Rule 8.4(b) by committing criminal acts which reflect adversely on his honesty, trustworthiness, or fitness as a lawyer. The committee noted that it was “not impressed” with the mitigating circumstances cited by respondent, and accordingly, concurred in the ODC’s recommendation of disbarment.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.[2]

J[^Disciplinary Board Recommendation

After reviewing the record, the disciplinary board found the hearing committee’s findings of fact are not manifestly erroneous, and that the committee correctly applied the Rules of Professional Conduct. The board found respondent intentionally violated duties owed to the public and the profession by participating in the sexual exploitation of children. The board noted respondent supported “an industry that capitalizes on the degradation of children, which serves only to demoralize our society and damage children.” It reasoned that because respondent is a lawyer and an officer of the court, his “blatant disregard of laws meant to protect those most vulnerable, children, is a stain upon the legal profession and dishonors every lawyer’s effort to uphold the law.”
The board determined the baseline sanction for respondent’s conduct is disbarment. The only mitigating factor found by the board was the absence of a prior disciplinary record. It found several aggravating factors were present, namely multiple offenses, vulnerability of the victims, substantial experience in the practice of law, and illegal conduct.
In light of these findings and the prior jurisprudence in matters involving sexual misconduct by attorneys,[3] the board con- *79 eluded there is insufficient justification for a departure from the baseline sanction. Accordingly, the board recommended respondent be disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
| ^Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
It is undisputed that respondent pleaded guilty to entering the United States with magazines containing child pornography and to possessing those magazines in violation of federal law making it a crime to knowingly possess “any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography ...”[4] Respondent’s guilt of these two crimes has been conclusively established by virtue of his guilty plea.[5] Accordingly, the sole issue presented is whether respondent’s crimes warrant discipline and, if so, the extent thereof. Supreme Court Rule XIX, § 19(E); Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990).
Respondent’s conviction clearly reflects upon his moral fitness to practice law. We conclude the baseline sanction for his misconduct is disbarment. The sole mitigating factor present is respondent’s lack of a prior disciplinary record. By |7contrast, several aggravating factors are present: multiple offenses, vulnerability of the victims, substantial experience in the practice of law, and illegal conduct.
Under these circumstances, we see no reason to deviate from the baseline sanction. Accordingly, we will accept the recommendation of the disciplinary board and disbar respondent from the practice of law.
DECREE
Upon review of the findings and recommendation of the hearing committee and *80 disciplinary board, and considering the record, it is ordered that the name of Albert L. Boudreau, Jr. be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The twenty-one month sentence was imposed by the federal district court on February 9, 2000, following a determination that downloaded computer images of child pornography which were not the subject of respondent’s conviction were sufficient to enhance his sentence by two levels under the federal sentencing guidelines. The United States Court of Appeals for the Fifth Circuit thereafter reversed the enhancement of respondent’s sentence on that basis. United States v. Boudreau, 250 F.3d 279 (5th Cir. 2001). The effect of the Fifth Circuit’s decision was to reduce the applicable offense level under the sentencing guidelines from Level 16 (21-27 months incarceration) to Level 14 (15-21 months incarceration). In June 2001, on remand from the court of appeal for re-sentencing, the district court again imposed a twenty-one month sentence.

. Respondent did, however, file a motion with the disciplinary board seeking a remand of the matter so that "new evidence,” namely the Fifth Circuit’s opinion, could be introduced. After consideration, the board denied respondent's motion for remand, reasoning that the fact of respondent's guilty plea was not affected by the Fifth Circuit's opinion.

. The board cited In re: Touchet, 99-3125 (La.2/4/00), 753 So.2d 820 (attorney disbarred for making unwanted sexual demands on six *79 female clients and soliciting sexual favors in lieu of legal fees), and In re: Plaisance, 98-0345 (La.3/13/98), 706 So.2d 969 (attorney consented to be disbarred for attempting to videotape female employees in his law firm’s restroom without their knowledge).

. The term "child pornography” is defined in 18 U.S.C. § 2256(8) to mean “any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct; (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or (D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.”

. This fact precludes any attempt by respondent to argue in mitigation that he simply possessed "magazines with pictures of nude boys (in poses like the statue of David by Michelangelo which stands in Florence, Italy — none were engaged in any sexual acts!).” Clearly, an essential element of the crime of which respondent was convicted is that the magazines depict a minor engaged in "sexually explicit conduct.” That term is defined in 18 U.S.C. § 2256(2) to mean “actual or simulated (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person.” Based upon this definition, we cannot fathom that the photographs respondent possessed could be mistaken for museum-quality art.