PER CURIAM.*
| iThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael R. Walker, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime. In re: Walker, 08-2096 (La.9/19/08), 990 So.2d 737.
UNDERLYING FACTS
In 1995, respondent assumed the office of Judge of the 1st Judicial District Court for the Parish of Caddo, State of Louisiana. On October 10, 2007, a federal grand jury in the Western District of Louisiana returned an indictment charging respondent with engaging in a racketeering enterprise whereby he used his judicial office “to enrich himself by extracting bribes in the form of cash and other things of value from individuals and organizations with business in his court.” Specifically, the indictment alleged that in return for cash and other things of value, respondent made himself available to quickly set bonds, reduce bonds, recall arrest warrants, and remove probation holds for individuals who had business in his court. On May 31, 122008, a jury found respondent guilty as charged. He was sentenced to serve 120 months in federal prison and ordered to pay a $250,000 fine.[1]
Respondent resigned from judicial office following his conviction. Accordingly, having resumed the status of a lawyer and because the Judiciary Commission did not have an opportunity to exercise jurisdiction over respondent’s conduct prior to his resignation from the bench, respondent is subject to the jurisdiction of the lawyer disciplinary agency. See Supreme Court Rule XIX, § 6(B).
DISCIPLINARY PROCEEDINGS
In September 2008, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
Respondent did not file an answer to the formal charges. Nevertheless, at the request of the ODC, this matter was set for *138 a hearing before a hearing committee upon the finality of the criminal conviction. Respondent was represented by counsel at the hearing but was not present in person because he was incarcerated.

Hearing Committee Report

The hearing committee made factual findings consistent with the underlying facts set forth above. The committee also determined that respondent engaged in |scriminal conduct, that his conduct was dishonest, and that he violated Rule 8.4 as charged.
The committee found respondent violated a duty owed to the public. His conduct was intentional and caused substantial harm to the legal profession. The committee further determined that under the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline sanction is disbarment.
The committee did not discuss whether any aggravating factors are present in this case. It found no mitigating factors.[2]
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the committee recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

The disciplinary board adopted the hearing committee’s factual findings and agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. The board found respondent intentionally violated duties owed to the public, which has a legitimate expectation that a lawyer elected to serve as a judge will not accept bribes, and caused actual harm. The baseline sanction for respondent’s misconduct is disbarment.
[4The board found no mitigating factors are present. In aggravation, the board found the following factors: prior disciplinary offenses,[3] a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1976).
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon *139 the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Respondent stands convicted of racketeering stemming from a public bribery scheme. This crime is a felony under federal law and clearly warrants serious | ¡¡discipline. Indeed, at the hearing in this matter, respondent’s counsel conceded that disbarment is a proper sanction for his conduct. However, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct which might be considered worthy of permanent disbarment. For purposes of the instant case, Guidelines 2 and 7 are relevant. Those guidelines provide:
GUIDELINE 2. Intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury.
GUIDELINE 7. Malfeasance in office which results in a felony conviction, and which involves fraud.
Here, respondent participated in a bribery scheme while serving as an elected judge. He was subsequently convicted of racketeering and sentenced to a ten-year term of imprisonment. Notably, this sentence represented an upward departure from the advisory guideline range of 37-46 months because the district judge felt that respondent’s conduct had tainted the judicial process and undermined “the idea of equality in a court of law.” We could not agree more with these sentiments, and find respondent’s conduct clearly falls within the scope of the permanent disbarment guidelines.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
| (¡DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Michael R. Walker, Louisiana Bar Roll number 13186, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. Respondent’s conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit, and in February 2010, his application for writ of certiorari was denied by the United States Supreme Court. Walker v. United States, — U.S. -, 130 S.Ct. 1551, 176 L.Ed.2d 142 (2010).

. The committee noted that respondent’s counsel sought from him on two occasions mitigating evidence to submit at the hearing; however, respondent "refused to present the committee with any factors to consider in mitigation.”

. In 1985, respondent received a formal private reprimand from the Committee on Professional Responsibility of the Louisiana State Bar Association for failing to cooperate in a disciplinary investigation. It further appears that respondent received an admonition in 1987, however, the basis for this sanction is not clear from the record.