*783
 
 PER CURIAM.
 
 *
 

 _JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Pressley Charles Calahan, a disbarred attorney.
 

 UNDERLYING FACTS
 

 By way of background, on May 17, 2006, this court disbarred respondent for misconduct that included defrauding a legally blind woman into signing a contingent fee agreement, forging an endorsement on a settlement check, forging a signature on an affidavit, making a false accusation in a pretrial memorandum that a police sergeant may have had a sexually intimate relationship with a convicted felon, and blatantly violating the confidentiality rule regarding complaints filed with the Judiciary Commission.
 
 In re: Calahan,
 
 06-0005 (La.5/17/06), 930 So.2d 916.
 

 In October 2007,
 
 The Daily Iberian
 
 newspaper reported that respondent was arrested for continuing to practice law after being disbarred and was charged with five counts of unlawful practice of law.
 
 [1]
 
 On January 22, 2009, respondent pled no contest to eight counts of unlawful practice of law, four counts of filing false public ^records (in violation of La. R.S. 14:133), 0ne count of forgery (in violation of La. R.S. 14:72), and one count of public intimidation (in violation of La. R.S. 14:122).
 

 DISCIPLINARY PROCEEDINGS
 

 In December 2009, the ODC filed one count of formal charges against respondent. The formal charges alleged that in pleading no contest to the above-described criminal conduct, respondent violated the following provisions of the Rules of Professional Conduct: Rules 5.5 (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
 

 Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 
 *784
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined the factual allegations of the formal charges were admitted and proven by clear and convincing evidence. The committee found respondent engaged |sin the practice of law while disbarred. Subsequently, he was convicted of eight counts of unlawful practice of law, four counts of filing false public records, one count of forgery, and one count of public intimidation, as indicated by the documentary evidence. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee found respondent knowingly and intentionally violated duties owed to the public, the legal system, and the legal profession. Respondent engaged in serious criminal conduct, which created the potential for significant harm.
 

 In aggravation, the committee found pri- or disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and refusal to acknowledge the wrongful nature of the conduct. The committee determined there are no mitigating factors.
 

 After also considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, the committee recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation. However, respondent submitted a letter asserting that he was unaware of the disciplinary proceedings against him. He also asserted that, because he is disbarred, the disciplinary board lacks jurisdiction in this matter and that it is improper for the board to consider his no contest plea in these proceedings.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the factual allegations of the formal charges were proven by clear and convincing evidence. The board also determined respondent’s argument that his no contest plea should not be used against |4him in these proceedings overlooks Supreme Court Rule XIX, § 19(A) and § 19(E).
 
 [2]
 
 Therefore, respondent’s certificate of conviction, as evidenced by the ODC’s exhibits, provides conclusive proof of his guilt of the crimes of unauthorized practice of law, filing false public records, forgery, and public intimidation. Furthermore, respondent’s argument that the board lacks jurisdiction, as he is disbarred, is without merit based on Supreme Court Rule XIX, § 6(A) because his conduct subsequent to his disbarment amounted to the practice of law and constitutes violations of
 
 *785
 
 the Rules of Professional Conduct.
 
 [3]
 
 Under these circumstances, the board agreed with the hearing committee that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 |sThe board also adopted the committee’s conclusion that respondent knowingly and intentionally violated duties owed to the public, the legal system, and the legal profession. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is disbarment.
 

 The board found the following aggravating factors present: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1990). The board agreed with the committee that no mitigating factors are present.
 

 After also considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, as well as case law involving similar misconduct, the board recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and | ^mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 Here, respondent pled no contest to charges that he practiced law after being disbarred, filed false public records, committed forgery, and engaged in public intimidation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged.
 

 Respondent knowingly and intentionally violated duties owed to the public, the legal system, and the legal profession. His conduct had the potential to cause serious harm. The baseline sanction for this type of misconduct is disbarment.
 

 Aggravating factors present include pri- or disciplinary offenses, a dishonest or selfish motive, multiple offenses, substantial experience in the practice of law, and illegal conduct. The record does not support any mitigating factors.
 

 Turning to the issue of an appropriate sanction, we find respondent’s conduct falls squarely within Guidelines 8 and
 
 *786
 
 9 of the permanent disbarment guidelines. These guidelines provide as follows:
 

 GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
 

 GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
 

 Respondent continued to practice law following his disbarment, thereby implicating Guideline 8. He also engaged in conduct involving filing false public records, committing forgery, and engaging in public intimidation. Therefore, Guideline 9 is also applicable, as his misconduct, which is both serious attorney |7misconduet and serious criminal misconduct, was preceded by his disbarment for prior instances of serious attorney misconduct.
 

 Respondent’s misconduct following his disbarment clearly demonstrates he lacks the fitness to engage in the practice of law in this State and, therefore, should not be given an opportunity to seek readmission.
 

 Accordingly, we will adopt the disciplinary board’s recommendation and permanently disbar respondent.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Pressley Charles Calahan, Louisiana Bar Roll number 20057, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . According to respondent, the charges stemmed from five letters he sent to the owners of a cemetery next to a cemetery he maintains. The letters requested that the owners of the adjoining cemetery stop soliciting donations from the family members of people buried in the cemetery he maintains.
 

 [2]
 

 . Rule XIX, § 19(A) provides in pertinent part:
 

 Upon learning that an attorney has been convicted of a crime, whether the conviction results from a plea of guilty or nolo contendere or a verdict after trial, disciplinary counsel shall secure a certificate of such conviction from the applicable clerk of court.
 

 Rule XIX, § 19(E) provides in pertinent part:
 

 At the hearing before a hearing committee, the certificate of the conviction of the respondent shall be conclusive evidence of his/her guilt of the crime for which he/she has been convicted. The sole issue to be determined at the hearing shall be whether the crime warrants discipline and, if so, the extent thereof. At the hearing the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he/she was convicted as determined by the statute defining the crime.
 

 [3]
 

 . Rule XIX, § 6(A) provides:
 

 Any lawyer admitted to practice law in this state, including any formerly admitted lawyer with respect to acts committed prior to resignation, suspension, disbarment, or transfer to inactive status, or with respect to acts subsequent thereto which amount to the practice of law or constitute a violation of these Rules or of the Rules of Professional Conduct or any other Rules or Code subsequently adopted by the court in lieu thereof, and any lawyer specially admitted by a court of this state for a particular proceeding, as well as any lawyer not admitted in this state who practices law or renders or offers to render any legal services in this state, is subject to the disciplinary jurisdiction of this court and the board.