ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
] ,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Flitcher R. Bell, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his con *826 viction of a serious crime. In re: Bell, 09-2457 (La.11/18/09), 21 So.3d 932.
FORMAL CHARGES
In October 2009, respondent pleaded guilty to federal charges that he accepted bribes in exchange for “fixing” criminal and traffic matters pending in the Baton Rouge City Court. According to the factual basis for the guilty plea, between 2006 and 2009, respondent, a senior prosecutor at the Baton Rouge City Court, conspired with others to engage in bribery by soliciting and accepting payments from individuals with matters pending before that court with the promise that the charges would be dismissed or otherwise “fixed.” On one occasion in May 2009, respondent received cash to dismiss a criminal charge against an undercover FBI agent.
| ¿DISCIPLINARY PROCEEDINGS
In April 2010, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent was personally served with the formal charges but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined the factual allegations of the formal charges were admitted and proven by clear and convincing evidence, and that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee found respondent violated a duty owed to the public. His conduct was intentional and caused substantial harm to the legal profession and to the system of justice. The committee further determined that under the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline sanction is disbarment.
| aThe committee did not discuss whether any aggravating factors are present in this case. It found no mitigating factors.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the committee recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board adopted the committee’s findings with respect to duties violated, respondent’s mental state, the harm caused, and the applicable baseline sanction. In *827 aggravation, the board found the following factors: prior disciplinary offenses,[1] a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1999). The board agreed no mitigating factors are present.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
^DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Here, respondent stands convicted of accepting bribes in exchange for “fixing” criminal and traffic matters pending in the Baton Rouge City Court, where he worked as a senior prosecutor. This crime is a felony under federal law and clearly warrants serious discipline. Indeed, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct which might be considered worthy of permanent disbarment. For purposes of the instant case, Guidelines 2 and 7 are relevant. Those guidelines provide:
GUIDELINE 2. Intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury.
IsGUIDELINE 7. Malfeasance in office which results in a felony conviction, and which involves fraud.
In this case, respondent accepted the payment of bribes to dismiss, reduce, or otherwise “fix” criminal and traffic matters pending in the court in which he was a prosecutor. This was not a one-time occurrence; rather, respondent and his co-conspirators participated in the illicit bribery scheme over a period of at least three years. This sort of pervasive public corruption interferes with the administration of justice and undermines the principle that all are equal before the law. Respondent’s conduct clearly amounts to intentional corruption of the judicial process under Guideline 2. Moreover, Guideline 7 is implicated because respondent’s conduct led to his felony criminal conviction on conspiracy and bribery charges.[2]
*828 Based on this reasoning, we find permanent disbarment is the appropriate sanction in this case. Accordingly, we will accept the disciplinary board’s recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Flitcher R. Bell, Louisiana Bar Roll number 26193, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in |Baccordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. According to the board, respondent received a "formal private reprimand" in 2005.

. The case of In re: Burks, 07-0637 (La.8/31/07), 964 So.2d 298, involves similar misconduct. In Burks, an Assistant City At *828 torney for the City of New Orleans assigned to prosecute cases in traffic court accepted $1,000 to nolle prosequi several traffic citations for an undercover FBI agent posing as a taxi driver. The attorney eventually pled guilty to a felony in federal court, and he was permanently disbarred under Guidelines 2 and 7.