*906 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM.
_[¿This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William J. Jefferson, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime. In re: Jefferson, 09-2070 (La.10/14/09), 19 So.3d 455.
UNDERLYING FACTS
Respondent is a former member of the United States House of Representatives, representing the 2nd Congressional District in the State of Louisiana. In June 2007, a federal grand jury in the Eastern District of Virginia handed up a sixteen-count indictment that charged respondent with using his position as a member of Congress to solicit bribes in exchange for promoting various business deals throughout Africa. Following a jury trial, respondent was eonieted in August 2009 of eleven offenses — including conspiracy, wire fraud, bribery, money laundering, and racketeering — arising from his involvement in the schemes. In a decision rendered in March 2012, the United States Fourth Circuit Court of Appeals affirmed respondent’s conviction, except as to one count of wire fraud, and remanded the case to the district court for further proceedings. United States v. Jefferson, 674 F.3d 332 (4th Cir.2012). In April 2012, respondent was sentenced to serve 156 months in the custody of the United States Bureau of | gPrisons, followed by three years of supervised release. In November 2012, the United States Supreme Court denied respondent’s petition for a writ of certiorari. Jefferson v. United States, — U.S. -, 133 S.Ct. 648, 184 L.Ed.2d 482 (2012).
DISCIPLINARY PROCEEDINGS
In December 2011, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. In May 2012, respondent was served with the formal charges, but he failed to file an answer. Accordingly, in April 2013, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence.
In April 2014, attorney Marcus Green enrolled as counsel of record on respondent’s behalf. He also requested two extensions of time to file an answer to the formal charges, which the hearing commit *907 tee chair granted; however, Mr. Green did not formally request that the deemed admitted order be recalled. In August 2014, Mr. Green filed on respondent’s behalf a “Memorandum in Support of Mitigation of the Sanctions to be Imposed Against Respondent.” In this pleading, respondent admitted his criminal conviction but argued that permanent disbarment is an unduly harsh sanction. Rather, he suggested that in light of the numérous mitigating factors present, “a long-term suspension, covering the term of the sentence of Respondent would be appropriate, just and severe enough to vindicate the goals of the Louisiana State Bar Association.”
| ^Formal Hearing
Following the filing by respondent, the matter was set for a hearing before the hearing committee on October 27, 2014. Neither party called witnesses to testify before the committee. Instead, the case was presented on documentary evidence and the memoranda of the parties. The parties also stipulated to the underlying facts of respondent’s criminal conviction; however, respondent did not stipulate to the rule violations alleged in the formal charges.

Hearing Committee Report

The hearing committee determined that respondent has been convicted of a number of crimes, all of which are felonies and for which he is now in the custody of the United States Department of Corrections. His appeal of his conviction was affirmed in part and reversed in part by the United States Court of Appeals for the Fourth Circuit, and his application to the United States Supreme Court for a writ of certio-rari was denied. Based on these findings, the committee concluded that respondent violated the Rules of Professional Conduct as charged in the formal charges. The committee found the applicable baseline sanction is disbarment.
In mitigation, the committee found that respondent has no prior disciplinary record. The committee did not specifically note any aggravating factors.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the committee recommended he be permanently disbarred.
Respondent filed • an objection to the committee’s report, asserting that the sanction recommended by the committee is too harsh.
| ¿Disciplinary Board Recommendation
After review, the disciplinary board determined the hearing committee’s factual findings are supported by the record and do not appear to be manifestly erroneous. The board also agreed that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board found that respondent intentionally violated duties owed to the public, the legal system, and the profession. His conduct caused significant harm to the public as he used his position in public office for personal gain. Furthermore, respondent caused serious harm to the reputation of the legal profession by engaging in bribery and corruption with the intent to gain personal financial benefits for himself and his family. The board determined the baseline sanction for respondent’s misconduct is disbarment.
In aggravation, the board found the following factors: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, illegal conduct, and substantial experience in the practice of law (admitted 1972). In mitigation, the board found the following factors: absence of a prior disciplinary record and imposition of other penalties or sanctions.
*908 Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney | ¡¡who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Here, respondent stands convicted of ten felony criminal offenses arising from his involvement in multiple bribery and fraud schemes committed during his service as a member of the United States Congress. These crimes clearly warrant serious discipline. Indeed, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. For purposes of the instant case, Guideline 7 is relevant. That guideline provides:
GUIDELINE 7. Malfeasance in office which results in a felony conviction, and which involves fraud.
In this case, respondent used his congressional office for fraudulent and illegal activities by soliciting bribes in exchange for his official acts. This conduct clearly implicates Guideline 7.
Based on this reasoning, we find permanent disbarment is the appropriate sanction in this case. Accordingly, we will accept the disciplinary board’s recommendation and permanently disbar respondent.
|fiDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of William J. Jefferson, Louisiana Bar Roll number 7251, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.