*742 ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This proceeding arises from a joint petition for consent discipline filed by respondent, Michael A. Harris,[1] and the Office of Disciplinary Counsel (“ODC”). For his misconduct in three pending disciplinary matters, the parties proposed that respondent be disbarred.
UNDERLYING FACTS

99-DB-065

The Soncrant Matter

On January 25, 1993, respondent prepared and notarized the last will and testament of Ella Claire Soncrant. Miss Son-crant appointed respondent to serve as the executor of her estate. Respondent accepted the appointment and charged Miss Soncrant a $300 fee for handling these duties.
Miss Soncrant died on January 8, 1998. A few days later, W. Doyle Smith, Miss Soncrant’s nephew, met with respondent and retained his services as the attorney for the succession. On January 16, 1998, respondent obtained an order granting him authorization to enter Miss Soncrant’s safety deposit box and to inventory its contents. ^Thereafter, respondent did little or no work in the matter, and he undertook few efforts toward fulfilling his responsibilities as executor and the attorney for the succession. Respondent also failed to respond to inquiries from Mr. Smith concerning the status of the matter.
In April 1998, Mr. Smith filed a complaint against respondent with the ODC. Respondent was served by certified mail with the complaint on May 13, 1998. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
During his sworn statement on July 8, 1998, respondent was advised to send a status report to Mr. Smith and the legatees named in Miss Soncrant’s will and to *743 contact her creditors concerning certain past due accounts. Respondent faded to do as he had promised, however. On September 19, 1998, the ODC served respondent by certified mail with a request for a status report concerning his efforts to complete the Soncrant matter. Respondent failed to submit the requested response.
On July 6, 1999, the ODC filed two counts of formal charges against respondent in 99-DB-065, alleging that his conduct in the Soncrant matter violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.7(b) (conflict of interest), 1.15(a) (safekeeping property of clients or third persons), 1.16(a)(2) (termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing [ 3committee on November 16, 1999 solely on documentary evidence. See Supreme Court Rule XIX, § 11(E)(3). Following its consideration, the hearing committee filed a recommendation of disbarment on October 5, 2000.

00-DB-108

The Daigle Matter

On June 17, 1999, respondent accepted the representation of Scotty James Daigle in a child support and visitation matter. Respondent subsequently filed a motion for new trial or reduction of child support on Mr. Daigle’s behalf. Respondent continued to hold himself out as Mr. Daigle’s attorney, and it was not until December 5, 1999 that respondent disclosed he had been suspended from the practice of law on September 17, 1999. Respondent refunded a portion of the fee he was paid on December 20, 1999, and the balance on March 24, 2000.

The Chaplin Matter

On June 26, 1997, respondent accepted the representation of Stephanie Choplin in a child custody matter. On September 4, 1998, respondent was declared ineligible to practice law in Louisiana for failure to pay his bar dues and the disciplinary assessment. Notwithstanding his ineligibility to practice, respondent continued to accept legal fees paid to him on Ms. Choplin’s behalf. On November 9, 1998, respondent appeared in court for a pre-trial conference and a hearing on motions.
On August 31, 2000, the ODC filed two counts of formal charges against respondent in 00-DB-108. As to the Daigle matter, the ODC alleged that respondent’s conduct violated Rules 1.1 (failure to provide competent representation to a client), 1.2 (scope of the representation), 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16 (termination of 14the representation), 3.3(a) (candor toward the tribunal), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 3.5(c) (engaging in conduct intended to disrupt a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. The ODC alleged that respon *744 dent’s conduct in the Choplin matter violated Rule 5.5(a).
Respondent answered the formal charges and denied any misconduct. The formal charges filed in 00-DB-108 were consolidated with the formal charges filed in 99-DB-065, and the matter was set for hearing on December 20, 2000. That hearing was subsequently continued without date to permit respondent the opportunity to pursue a transfer to disability inactive status.[2]

ODC File No. 00112Í1

On January 10, 2001, a hearing committee chairman granted the ODC permission to file formal charges against respondent arising out of allegations that he engaged in the unauthorized practice of law and impermissibly settled his potential liability to a client for malpractice. Before the formal charges were filed, however, respondent agreed to submit to consent discipline.
| BJOINT PETITION FOR CONSENT DISCIPLINE
On May 4, 2001, respondent and the ODC filed a joint petition for consent discipline. The petition addressed both sets of formal charges filed by the ODC, as well as the allegations of misconduct in the ODC’s open investigatory file. For respondent’s misconduct, the parties proposed that he be disbarred from the practice of law.

Disciplinary Board, Recommendation

In its report, the disciplinary board found that respondent’s misconduct was knowing and intentional. In 99-DB-065, Miss Soncrant’s succession was not timely handled and various expenses, including funeral expenses, were not timely paid, if at all. The property of the succession, in particular Miss Soncrant’s condominium, was left unattended and vulnerable to theft and vandalism. By failing to cooperate in the investigation of the complaint filed in connection with that matter, respondent unjustly delayed and imposed an additional burden upon the disciplinary system. In 00-DB-108, respondent engaged in the practice of law both during the period of his ineligibility and after he was suspended. Finally, in ODC file number 0011241, respondent admits that he engaged in the unauthorized practice of law and improperly settled possible malpractice liability. All of this conduct resulted in harm to respondent’s clients, the legal system, and the profession.
Based upon its review of the record, the board determined that numerous aggravating factors are present, including prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the | ^disciplinary agency, deceptive practices during the disciplinary process,[3] vulnerability of the victims, and substantial experience in the practice of law (admitted 1983). The board found no mitigating factors are present.
After considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court dealing *745 with misconduct similar to respondent’s, the board concluded that disbarment is the appropriate sanction in this case. Accordingly, the board recommended the proposed consent discipline be accepted and that respondent be disbarred from the practice of law.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent has admitted to several instances of serious professional misconduct, including neglect of legal matters, failure to communicate with clients, failure to account for or return unearned legal fees, and failure to cooperate with the l7OPC in its investigation. Even more troubling is the fact that respondent continued to practice law after he was suspended by this court in 1999. This misconduct alone warrants disbarment. See, e.g., In re: Stephens, 98-2515 (La.12/11/98), 722 So.2d 1001. Significant aggravating factors are present, including respondent’s prior disciplinary record and his substantial experience in the practice of law. The disciplinary board did not identify any mitigating factors, and we are unable to discern any from the record.
Based on these factors, we see no reason to deviate from the baseline sanction. Accordingly, we will accept the petition for consent discipline and order that respondent be disbarred from the practice of law.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Michael A. Harris be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On September 17, 1999, this court suspended respondent from practice for a period of one year and one day, followed by 7 twelve months of supervised probation, for neglecting a legal matter, failing to communicate with his client, failing to return an unearned fee, and failing to cooperate with the ODC in its investigation. In re: Harris, 99-1828 (La.9/17/99), 745 So.2d 1172. Although respondent would have been eligible to apply for reinstatement after serving this suspension, the bar rolls indicate that he did not do so. Accordingly, he remains suspended from the practice of law.

. Respondent apparently continues to endure the semi-disabling effects of a stroke he suffered some years ago. He ultimately decided to pursue consent discipline, rather than disability inactive status, because he was unable to obtain the medical records to establish his disability.

. The board referred to the assurances respondent made during his sworn statement in 99-DB-065 that he would prepare a status report concerning the succession and contact the decedent's creditors concerning her past due accounts. Respondent did neither, however.