*141 I,ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Eddie L. Stephens, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1984. On October 1, 1993, we suspended respondent for one year for misconduct involving his failure to maintain a trust account, commingling of client funds with his own, and conversion of clients’ funds to his own use. In re: Stephens, 624 So.2d 903 (La.1993). In 1994, we suspended respondent for eighteen months, to run consecutively to his October 1, 1993 suspension, for failing to communicate with a client and notarizing a forged affidavit before filing it into a court record. In re: Stephens, 94-1924 (La.11/18/94), 645 So.2d 1133. In 1998, we disbarred respondent for numerous instances of commingling and conversion of client funds, neglect of legal matters, and engaging in the unauthorized practice of law while suspended. In re: Stephens, 98-2515 (La.12/11/98), 722 So.2d 1001. Respondent never sought reinstatement following his suspension, and consequently, he has been precluded from practicing law since October 1993.
| .UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed three sets of formal charges against respondent, consisting of a total of four counts of misconduct. The three sets of formal charges were considered by separate hearing committees before being consolidated by order of the disciplinary board chair dated March 29, 2006. On January 26, 2007, the board filed in this court a single recommendation of discipline encompassing all three sets of formal charges.

99-DB-070

Counts I & II — The Olaremi Matter
On October 16, 1996, Johnson Olaremi hired respondent to represent him in a criminal matter, paying him $2,500. At this time, respondent was suspended from the practice of law and knew that he could not legally accept fees for legal services. *142 Thereafter, respondent failed to appear at Mr. Olaremi’s scheduled court appearances in May and July 1997.
Respondent also failed to cooperate with the ODC in its investigation of Mr. Olare-mi’s complaint.
The ODC alleged that respondent’s conduct violated Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.5 (failure to refund an unearned fee), 1.16(d) (failure to properly terminate the representation of a client), 5.5(a) (engaging in the unauthorized practice of law), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. The ODC further Ualleged that respondent violated Supreme Court Rule XIX, § 9(c) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After considering the ODC’s submission and the deemed admitted facts, the hearing committee found that the ODC had proven the formal charges by clear and convincing evidence. The committee also found that respondent violated Rules 1.1, 1.3, 1.5, 1.16(d), 5.5(a), 8.4(c), and 8.4(g) of the Rules of Professional Conduct. For this misconduct, the committee recommended that respondent not be permitted to apply for readmission from his 1998 disbarment until five years have elapsed from the finality of the court’s judgment in this matter.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

00-DB-061

In August 1999, respondent was operating a motor vehicle without properly displaying a license plate. When the police attempted to stop him, he increased his speed in excess of 30 m.p.h. over the posted speed limit and ran a stop sign before [¿stopping the vehicle. Respondent was also operating the vehicle under a suspended driver’s license.
On January 26, 2000, respondent pleaded no contest to the criminal offense of flight from an officer. He also pled guilty to charges of driving under suspension and failure to display a license plate.
The ODC alleged that respondent’s conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence. As in the prior matter, respondent did not file anything for the hearing committee’s consideration on the issue of sanctions.

Hearing Committee Recommendation

After considering the ODC’s submission and the deemed admitted facts, the hearing committee found that respondent vio *143 lated Rules 8.4(a), 8.4(b), and 8.4(d) of the Rules of Professional Conduct. In light of respondent’s prior disciplinary offenses, among other considerations, the committee recommended that respondent be permanently disbarred. Alternatively, the committee recommended that respondent be disbarred, “to commence at the end of the current period of disbarment.”
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
| M-DB-08Í
In July, August, and October 1998, respondent committed three separate robberies of Baton Rouge banks, taking nearly $60,000 in all. During the three robberies, respondent was armed with a firearm and wore a plastic mask. In December 1998, respondent and others conspired to rob a bank in Hammond, Louisiana. However, they abandoned the robbery attempt when a police vehicle entered the bank’s parking lot.
In May 2002, a federal grand jury sitting in the Middle District of Louisiana returned a superseding indictment charging respondent with seven counts of conspiracy to commit armed bank robbery, armed bank robbery, and carrying a firearm during a crime of violence. Following a bench trial in October 2008, respondent was convicted on all counts as charged. Respondent was subsequently sentenced to serve 50 years and 10 months in federal prison.
The ODC alleged that respondent’s conduct violated Rule 8.4(b) of the Rules of Professional Conduct.
Respondent answered the formal charges and denied any misconduct. Specifically, respondent indicated that his conviction was not final because he had filed an appeal with the United States Court of Appeals for the Fifth Circuit. However, on August 24, 2004, the Fifth Circuit dismissed that appeal due to respondent’s failure to timely make financial arrangements with the court reporter.

Hearing Committee Recommendation

Following the filing of respondent’s answer to the formal charges, this matter proceeded to a formal hearing on the merits; however, respondent did not make an appearance at the hearing.
| fiAfter considering the evidence presented, the hearing committee found that respondent has been convicted of conspiracy to commit bank robbery, armed bank robbery, and carrying a firearm during a crime of violence. Respondent’s appeal of his conviction was dismissed for lack of prosecution. Therefore, his conviction is final.
Based on these facts, the committee determined that respondent violated Rule 8.4(b) of the Rules of Professional Conduct and committed a “serious crime” as defined by Supreme Court Rule XIX, § 19(B). The committee also determined that respondent intentionally and knowingly violated duties owed to the public, causing harm. Relying upon the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is disbarment.
The committee found no mitigating factors. However, the committee found several aggravating factors, namely prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and indifference to making restitution.
Citing Guidelines 5 (conviction of a felony involving physical coercion or substantial damage to person or property, including but not limited to armed robbery, *144 arson, or kidnapping) and 9 (instances of serious attorney misconduct or conviction of a serious crime, preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime) of the permanent disbarment guidelines, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
| ^Disciplinary Board Recommendation

99-DB-070, 00-DB-061 & 0I-DB-08J,.

After reviewing these consolidated matters, the disciplinary board adopted the hearing committee’s factual findings in all three matters. Accordingly, the board found that respondent violated the Rules of Professional Conduct as alleged in each set of formal charges.
Based on these findings, the board determined that respondent intentionally violated duties owed to his client, Mr. Olaremi, to the public, and to the legal profession. His misconduct caused harm to Ms client and tarnished the public opinion of attorneys. Furthermore, his multiple convictions for armed bank robbery destroyed any illusion of his integrity or fitness to practice law. The baseline sanction for this misconduct is disbarment.
In aggravation, the board recognized respondent’s prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, substantial experience in the practice of law, and illegal conduct. The board found no mitigating factors.
Citing Guidelines 5 and 9 of the permanent disbarment guidelines, the board recommended that respondent be permanently disbarred. The board also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). When the disciplinary proceedings involve an attorney who hasjsbeen convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
In the instant case, respondent was convicted in federal court of multiple counts of armed bank robbery, conspiracy, and carrying a firearm during a crime of violence. These crimes are felonies under federal law and clearly warrant serious discipline. The only issue to be resolved by this court is the appropriate sanction for respondent’s misconduct.
The documentary evidence submitted by the ODC in this case reflects that respondent committed three separate armed bank robberies, and would have committed a fourth had a police vehicle not fortuitously driven into the bank’s parking lot. Respondent brandished a weapon during these robberies and thereby placed bank employees, customers, and others in grave danger. Under these circumstances, disbarment is clearly appropriate. However, in their respective reports, the hearing *145 committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might result in permanent disbarment. Respondent’s conduct falls under at least two of these guidelines: Guideline 5 (conviction of a felony involving physical coercion or substantial damage to person |9or property, including but not limited to armed robbery, arson, or kidnapping) and Guideline 9 (instances of serious attorney misconduct or conviction of a serious crime, preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime). The numerous aggravating factors present in this case only reinforce the conclusion that respondent lacks the good moral character and fitness to practice law in Louisiana.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.[1]
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that the name of Eddie L. Stephens, Louisiana Bar Roll number 14451, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Because the imposition of permanent disbarment is the most severe sanction that can be imposed on respondent, having the effect of forever removing him from the bar of this state, we find it is not necessary to discuss the misconduct charged in the first two sets of formal charges. See generally In re: O'Keefe, 03-3195, pp. 11-12 (La.7/2/04), 877 So.2d 79, 86.