995 So.2d 625 (2008)
In re Keith J. LABAT.
No. 2008-B-1926.
Supreme Court of Louisiana.
November 14, 2008.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Keith J. Labat, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public.

UNDERLYING FACTS

Count I
In 2006, respondent pled guilty in Lafourche Parish district court to more than forty counts of felony theft, forgery, and issuing worthless checks. The district court determined that the sum total of funds involved in the worthless check and theft counts was $111,170.10. Respondent was subsequently sentenced to serve eight years in prison at hard labor.[1]
The ODC alleges that respondent has violated Rules 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.

Count II
In March 2004, the ODC filed a petition seeking respondent's immediate interim suspension for threat of harm to the public, which we granted on March 17, 2004. In re: Labat, 04-0609 (La.3/17/04), 869 So.2d 778. Following our order, respondent *626 continued to practice law, and in two instances in which he did so, he also forged another attorney's name to a legal document.
The ODC alleges that respondent has violated Rules 5.5 (engaging in the unauthorized practice of law), 8.4(b),[2] 8.4(c), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

Counts III and IV
Respondent represented four clients who received chiropractic treatment from Dr. William Dear. Respondent agreed in writing to pay Dr. Dear's treatment fees out of the proceeds of any settlement of his clients' personal injury claims. Respondent subsequently settled his clients' cases but failed to pay Dr. Dear sums due and owing totaling $8,707.
The ODC alleges that respondent has violated Rules 1.15(d) (safekeeping property of clients or third persons), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b), and 8.4(c) of the Rules of Professional Conduct.

Count V
Respondent was retained to represent Ralph Poche in a personal injury matter arising out of an automobile accident. In April 2004, after he was placed on interim suspension, respondent settled Mr. Poche's claim against Allstate Insurance Company and its insured for $10,000. Mr. Poche did not authorize the settlement with Allstate. Respondent forged Mr. Poche's endorsement on the settlement check, as well as the endorsement of Terrebonne General Medical Center, and deposited the check into his client trust account. Neither Mr. Poche nor the hospital received any portion of the proceeds of the settlement.
The ODC alleges that respondent has violated Rules 1.15(d), 5.5, 8.4(a), 8.4(b), and 8.4(c) of the Rules of Professional Conduct.

Count VI
In February 2002, Joyce Handon retained respondent to represent her in a child support matter. Respondent was paid an advance fee of $750 in connection with the representation. Respondent failed to communicate properly with his client, and he failed to act with diligence and promptness on her behalf. Respondent did not file a rule for custody and support until August 2002. When the rule was not heard on the originally scheduled date, respondent did not promptly file a motion to reset the hearing. At the time that respondent was interimly suspended in March 2004, the matter still had not been concluded. Following his interim suspension, respondent did not properly account to his client for any earned portion of the advance fee, nor did he refund the unearned portion.
The ODC alleges that respondent has violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), and 1.16(d) (obligations upon termination of the representation) of the Rules of Professional Conduct.

Count VII
In April 2003, Daniel Battaglia retained respondent to represent him in a criminal matter. Respondent was paid an advance fee of $2,000 in connection with the representation. At the time that respondent was interimly suspended in March 2004, the case had not been concluded. Following his interim suspension, respondent did not properly account to his client for any *627 earned portion of the advance fee, nor did he refund the unearned portion.
The ODC alleges that respondent has violated Rules 1.5(f)(5) and 1.16(d) of the Rules of Professional Conduct.

Counts VIII and IX
In August 2003, Juan Verrette retained respondent to represent him in a criminal matter. Respondent was paid an advance fee of $2,000 in connection with the representation. Mr. Verrette discharged respondent on December 10, 2003. Thereafter, respondent did not properly account to his client for any earned portion of the advance fee, nor did he refund the unearned portion.
On December 22, 2003, respondent was personally served with a subpoena compelling him to appear before the ODC on January 9, 2004 and to produce his file relating to his representation of Mr. Verrette. Respondent failed to appear on that date.
The ODC alleges that respondent has violated Rules 1.5(f)(5), 1.16(d), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a), 8.4(d), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

Count X
In September 2003, Janae Bosse retained respondent to represent her in a child support matter. Respondent was paid an advance fee of $750 in connection with the representation. Respondent failed to communicate properly with his client, and he failed to act with diligence and promptness on her behalf. Respondent failed to inform Ms. Bosse of a deposition date and gave her the wrong trial date. As a result, Ms. Bosse was unable to arrange the attendance of her witnesses at trial. Respondent also gave his client incorrect information about the terms of a consent order, and did not provide a copy of the prepared order to her for review and approval.
The ODC alleges that respondent has violated Rules 1.3 and 1.4 of the Rules of Professional Conduct.

Count XI
In January 2002, Richard Smith retained respondent to represent him in a child custody and support matter. Respondent was paid advance fees totaling $2,250 in connection with the representation. In addition, Mr. Smith retained respondent to handle a criminal matter on his behalf, for which he paid respondent an advance fee of $3,200 in March 2003. Respondent failed to communicate properly with his client, and he failed to act with diligence and promptness on his behalf. At the time that respondent was interimly suspended in March 2004, neither the domestic matter nor the criminal matter had been concluded. Following his interim suspension, respondent did not properly account to his client for any earned portion of the advance fees, nor did he refund the unearned portion.
The ODC alleges that respondent has violated Rules 1.3, 1.4, 1.5(f)(5), and 1.16(d) of the Rules of Professional Conduct.

Count XII
In December 2003, Ernest Diggs retained respondent to represent him in a criminal matter. Respondent was paid advance fees totaling $1,340 in connection with the representation. Respondent failed to communicate properly with his client. Respondent also failed to act with diligence and promptness on behalf of Mr. Diggs, and failed to appear in court to represent him. At the time that respondent was interimly suspended in March 2004, the case had not been concluded. *628 Following his interim suspension, respondent did not properly account to his client for any earned portion of the advance fee, nor did he refund the unearned portion.
The ODC alleges that respondent has violated Rules 1.3, 1.4, 1.5(f)(5), and 1.16(d) of the Rules of Professional Conduct.

Count XIII
In September 2003, Murphy Babin, III retained respondent to represent him in a criminal matter. Respondent was paid an advance fee of $1,000 in connection with the representation. Respondent failed to communicate properly with his client. Respondent also failed to act with diligence and promptness on behalf of Mr. Babin, and failed to appear in court to represent him. At the time that respondent was interimly suspended in March 2004, the case had not been concluded. Following his interim suspension, respondent did not properly account to his client for any earned portion of the advance fee, nor did he refund the unearned portion.
The ODC alleges that respondent has violated Rules 1.3, 1.4, 1.5(f)(5), and 1.16(d) of the Rules of Professional Conduct.

Count XIV
Respondent represented the plaintiff, Clifton Ayo, in a personal injury matter pending in the 22nd Judicial District Court for the Parish of St. Tammany. In June 2003, the trial court granted the defendant's motion for summary judgment and dismissed Mr. Ayo's suit. Respondent failed to notify his client of the dismissal and failed to appeal the trial court's judgment. He misled his client concerning the status of the lawsuit and continued to inform him that the case would settle soon.
The ODC alleges that respondent has violated Rules 1.3, 1.4, and 8.4(c) of the Rules of Professional Conduct.

Count XV
In February 2004, Charleen Vizier-Burgess retained respondent to handle a succession matter. Respondent was paid an advance fee of $1,000 in connection with the representation. At the time that respondent was interimly suspended in March 2004, the case had not been concluded. Following his interim suspension, respondent did not properly account to his client for any earned portion of the advance fee, nor did he refund the unearned portion.
The ODC alleges that respondent has violated Rules 1.5(f)(5) and 1.16(d) of the Rules of Professional Conduct.

Count XVI
In December 2003, Norman Trahan retained respondent to represent him in a criminal matter. Respondent was paid advance fees totaling $900 in connection with the representation. At the time that respondent was interimly suspended in March 2004, the case had not been concluded. Following his interim suspension, respondent did not properly account to his client for any earned portion of the advance fee, nor did he refund the unearned portion.
The ODC alleges that respondent has violated Rules 1.5(f)(5) and 1.16(d) of the Rules of Professional Conduct.

DISCIPLINARY PROCEEDINGS
In March 2007, the ODC filed sixteen counts of formal charges against respondent, as set forth above. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee *629 written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
After consideration of the ODC's submission in response to the deemed admitted order, the hearing committee determined that respondent violated the Rules of Professional Conduct by converting client funds, engaging in fraudulent acts, forging his clients' names on settlement checks, and engaging in criminal conduct. The committee found that respondent knowingly and intentionally violated duties owed to his clients and to the profession, causing actual injury. The applicable baseline sanction is disbarment.
The committee found that substantial aggravating circumstances are present, including a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. The committee made no finding concerning mitigating factors other than to note "unsubstantiated comments to ODC investigators that Mr. Labat may have undergone a difficult divorce and possibly has a substance abuse problem."
Under these circumstances, and recognizing that the prior jurisprudence supports the imposition of permanent disbarment for respondent's criminal conviction, standing alone, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence, the disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. The board found that respondent knowingly and/or intentionally violated duties owed to his clients, the public, the legal system, and the profession. The baseline sanction for respondent's misconduct is disbarment.
The board found the following aggravating factors are present: prior disciplinary offenses,[3] dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims,[4] substantial experience in the practice of law (admitted 1989), and indifference to making restitution. The board found no mitigating factors are supported by the record.
Turning to the issue of an appropriate sanction, the board found respondent's conduct fits within Guideline 1 of the permanent disbarment guidelines (repeated or multiple instances of intentional conversion of client funds with substantial harm). Respondent pled guilty to converting approximately $90,000 of his clients' funds, along with several other felonies and misdemeanors. Standing alone, this conduct warrants permanent disbarment. Furthermore, the record reveals that respondent engaged in several other instances of conversion of client funds when he failed to *630 return unearned fees after performing little or no work on behalf of multiple clients.
Guideline 8 states that permanent disbarment is warranted when an attorney engages "in the unauthorized practice of law ... during the period of time in which the lawyer is suspended from the practice of law or disbarred." In Counts II and V, the record demonstrates that respondent engaged in several instances of the unauthorized practice of law after he was placed on interim suspension on March 17, 2004.
Based on this reasoning, the board recommended respondent be permanently disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection in this court to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent's crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass'n v. Wilkinson, 562 So.2d 902 (La.1990).
In the instant case, respondent stands convicted of more than forty counts of felony theft, forgery, and issuing worthless checks. These crimes clearly warrant serious discipline. Therefore, the only remaining issue is the appropriate sanction for respondent's misconduct. The resolution of that issue depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Perez, 550 So.2d 188 (La.1989).
The applicable baseline sanction for respondent's misconduct is clearly disbarment under both the ABA's Standards for Imposing Lawyer Sanctions and the prior jurisprudence. However, the ODC contends, and the hearing committee and disciplinary board agreed, that respondent's conduct is so egregious that permanent disbarment should be imposed.
We concur. The documentary evidence submitted by the ODC in this case reflects that respondent's convictions of felony theft stem from his misappropriation of substantial amounts of settlement funds belonging to his clients, including approximately $90,000 owed to three minor children. These facts clearly fall within Guideline 1 of the permanent disbarment guidelines.
Based on this reasoning, we will accept the disciplinary board's recommendation and impose permanent disbarment.[5]

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Keith J. Labat, Louisiana Bar Roll number 19658, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant *631 to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] The record reflects that respondent is currently in the custody of the Louisiana Department of Corrections.
[2] La. R.S. 37:213 makes it a crime to engage in the unauthorized practice of law.
[3] The board's report indicates that in 2002, respondent received an admonition for violating Rule 1.13 (organization as client) of the Rules of Professional Conduct. No further details are provided.
[4] Respondent's guilty plea to three counts of felony theft involved the conversion of some $90,000 in minors' funds.
[5] Because the imposition of permanent disbarment is the most severe sanction that can be imposed on respondent, having the effect of forever removing him from the bar of this state, we find it is not necessary to discuss the misconduct charged in the remaining counts of the formal charges. In re: Stephens, 07-0180 (La.4/27/07), 955 So.2d 140, citing In re: O'Keefe, 03-3195, pp. 11-12 (La.7/2/04), 877 So.2d 79, 86.