*796 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| Nhis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Chanci Shermaine Shaw, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Shaw, 11-1967 (La.1/11/12), 82 So.3d 261.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In January 2012, the ODC filed formal charges against respondent in 12-DB-001. Respondent answered the formal charges and denied any allegations of misconduct. At respondent’s request, the matter proceeded to a hearing in mitigation, conducted by the hearing committee in May 2012.
In June 2013, the ODC filed a second set of formal charges against respondent in 13-DB-026. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
|2Thereafter, the two sets of formal charges were consolidated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing both sets of formal charges.

12-DB-001

In April 2004, Christine Fontenot hired respondent to represent her in a personal injury claim. Thereafter, respondent failed to keep Ms. Fontenot informed of the progress of the representation. Respondent also filed suit on behalf of Ms. Fontenot after prescription had run, entered into a settlement without advising Ms. Fontenot that she had done so, and failed to pay Ms. Fontenot any of the settlement proceeds or provide her with an accounting of the settlement.
In her written response to the disciplinary complaint, respondent alleged the matter settled for $10,000 with Ms. Fontenot’s approval and consent. However, counsel for the defendant advised the matter settled instead for $12,500. Respondent has not accounted to the ODC for the settlement proceeds, despite being asked to do so. Respondent has not cooperated with the ODC in the investigation or responded to the ODC’s request for additional information.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), 1.4(b) (a lawyer shall give a client sufficient information to participate intelligently in decisions concerning the objectives of the representation), 1.15(a) (safekeeping property of clients and third persons), 1.15(d) (a lawyer shall promptly deliver to a client or third person any funds or other property that the client or third person is entitled to receive), 1.15(e) (when in the course of representation a lawyer is in possession of property in which two or more persons claim interests, the property shall be kept separate until |sthe dispute is resolved), 1.16(d) (obligations upon termination of the representation), 8.1(b) (knowing failure to respond to a lawful demand for informa *797 tion from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Mitigation Hearing

As previously indicated, respondent answered the formal charges in 12-DB-001. She denied any misconduct, but requested a hearing in mitigation, which was conducted by the hearing committee in May 2012. Respondent did not appear at the hearing and was not represented by counsel. The ODC introduced documentary evidence and called witnesses to testify before the committee.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee determined the factual allegations of the formal charges were proven by clear and convincing evidence. The committee also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined the applicable baseline sanction in this matter is suspension. In aggravation, the committee recognized respondent’s pattern of failing to cooperate with the ODC throughout these proceedings. It found no mitigating factors present.
Considering respondent’s misconduct in light of the prior jurisprudence of this court, the committee recommended respondent be suspended from the practice of law for one year and one day. The committee also recommended that | ¿respondent attend the Louisiana State Bar Association’s Ethics School prior to seeking reinstatement. The committee further recommended respondent make restitution to Ms. Fontenot in the amount of $5,722, the amount of Ms. Fontenot’s unpaid medical bills, plus legal interest.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

13-DB-026

On November 17, 2011, a grand jury in East Baton Rouge Parish returned an indictment charging respondent with two counts of felony theft by fraud and two counts of filing false public records. State v. Shaw, No. 11-11-0604 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. On May 2, 2013, respondent pleaded guilty to Count I of the indictment, which charged her with theft by fraud of fifteen hundred dollars or more, a felony, in violation of La. R.S. 14:67(A)(B)(1).[1] Count I of the indictment reads as follows:
On or about December 1, 2007, through and/or including on or about November 17, 2011, the defendant herein committed the Theft of Fraud of fifteen hundred ($1,500) dollars or more, in that the defendant knowingly submitted false information for the purpose of obtaining greater compensation than that to which Helping Hands and the defendant were *798 legally entitled for furnishing services when the defendant falsified a Medicaid “provider agreement” application to conceal the true ownership of Helping Hands of South Louisiana, Inc., criminal convictions of one of the owners, disciplinary [ ^action, and previous enrollment information, to obtain a Medicaid provider number. The defendant certified that to the best of her knowledge, information contained in the provider agreement is accurate and complete and agreed that concealment of a material fact may result in prosecution under applicable federal and state laws. The defendant, with intent to deprive the State of Louisiana permanently of these monies, used the illegally obtained Medicaid provider number to fraudulently bill the Medicaid Program and received compensation through fraudulent means, in violation of La. R.S. 14:67(A)(B)(1).
The remaining counts of the indictment were dismissed pursuant to a plea agreement with the state. Respondent was sentenced to serve five years at hard labor, suspended, and placed on five years active supervised probation. As a condition of her probation, respondent was ordered to make restitution to the Louisiana Department of Health and Hospitals in the amount of $46,992.16 and to the Department of Justice in the amount of $18,350 for the cost of her prosecution.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c).

Hearing Committee Report

As previously indicated, respondent failed to file an answer to the formal charges in 13-DB-026, and consequently, the factual allegations contained therein were deemed admitted.
After considering the ABA’s Standards for Imposing Lawyer Sanctions, the hearing committee determined the applicable baseline sanction is disbarment. In aggravation, the committee recognized a dishonest or selfish motive. It found no mitigating factors.
| fiConsidering respondent’s misconduct in light of the prior jurisprudence of this court, as well as the aggravating circumstances and lack of mitigating factors, the committee determined an upward deviation from the baseline sanction is appropriate. Accordingly, the committee recommended respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

12-DB-001 & 13-DB-026

After reviewing the consolidated matters, the disciplinary board adopted the findings and conclusions of the hearing committees. The board determined the record supports a finding that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board further determined respondent knowingly and intentionally violated duties owed to her client, the public, the legal system, and the legal profession. Her misconduct resulted in actual injury to her client and the legal profession as well as very substantial injury to the public by way of Medicaid fraud. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is disbarment.
In aggravation, the board recognized a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disci *799 plinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, indifference to making restitution, and illegal conduct. It found no mitigating factors.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended respondent be permanently disbarred. The board also recommended respondent be |7ordered to pay restitution to Ms. Fontenot in the amount of $5,722. The board further recommended respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Here, respondent stands convicted of theft by fraud. This crime is a felony under state law and clearly warrants serious discipline. The only issue to be resolved by this court is the appropriate sanction for respondent’s misconduct.
The documentary evidence submitted by the ODC in this case reflects that respondent obtained certification of Helping Hands of South Louisiana, Inc. as an eligible Medicaid provider based upon a false certification of the ownership of the company. Between 2007 and 2011, she used the illegally obtained Medicaid provider number to fraudulently bill the Medicaid program and received compensation through fraudulent means. Under these facts, and considering |sGuideline 6 (insurance fraud) of the permanent disbarment guidelines, permanent disbarment is warranted.
Because the imposition of permanent disbarment is the most severe sanction that can be imposed on respondent, having the effect of forever removing her from the bar of this state, we find it is not necessary to discuss at length the misconduct charged in the Fontenot matter. See In re: Sheffield, 07-0288 (La.6/15/07), 958 So.2d 661; In re: Stephens, 07-0180 (La.4/27/07), 955 So.2d 140. Nevertheless, we do find the misconduct was proven by clear and convincing evidence, and we will order respondent to make restitution to Ms. Fontenot.
Based on this reasoning, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that the name of Chanci Shermaine Shaw, Louisiana Bar Roll number 27641, be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of *800 law in this state. It is further ordered that respondent shall make restitution to Christine Fontenot. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. La. R.S. 14:67 provides:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of one thousand five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.